United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Pauline Lubin and Frances Koryn, Plaintiffs | ) ) ) |
| v. | ) Civil Action No. 14-81263-Civ-Scola |
| AT&T Retirement Savings Plan, Defendant | ) ) ) |

**Order Granting Defendant's Motion For Summary Judgment**

A court must affirm an ERISA-plan administrator's decision regarding benefits if the decision was correct.  AT&T Retirement Savings Plan followed its ERISA plan's default beneficiary rules in paying life-insurance benefits to the daughter of a deceased employee.  The employee's sisters challenge that decision, because the employee's daughter had been adopted by her step-father.  The Court concludes that AT&T Retirement Savings Plan's decision to pay the benefits was correct, and grants its summary-judgment motion.

1. **Background**

Austin E. Hardy worked for an AT&T company and participated in the AT&T Retirement Savings Plan.  (Def.'s Stmt. Facts ¶¶ 1, 6, ECF No. 39.)  As part of the Savings Plan, Hardy had a life insurance benefit.  Hardy died in January 2013.  (*Id.* ¶ 6.)  In February 2013, David Caudill, the executor of Hardy's estate, contacted the AT&T Retirement Savings Plan's recordkeeper to notify the Plan of Hardy's death.  (*Id.* ¶ 9.)  Caudill told the recordkeeper that Hardy's next of kin are Jennifer Krokey, Hardy's daughter, as well as Pauline Lubin and Frances Koryn, Hardy's two sisters.  (*Id.*)  The recordkeeper researched to determine if Hardy had designated a beneficiary for his life-insurance policy.  (*Id.* ¶ 11.)  He had not.  (*Id.*)

The terms of the AT&T Retirement Savings Plan permit an employee to designate a beneficiary to receive benefits, but if no beneficiary is designated the Plan must distribute benefits in accordance with the AT&T Rules for Employee Beneficiary Designations.  (*Id.* (citing Summ. Plan Description 9, ECF No. 22-1).)  This section is titled "Default Rules: When you do not make a designation or you have no surviving beneficiary."  (Summ. Plan Description 9, ECF No. 22-1.)  The section requires the Plan administrator to distribute benefits in the following manner: first to a surviving spouse, second to a legally recognized partner, third to a surviving child or children, fourth to a surviving parent or parents, fifth to a surviving sibling or siblings.  (*Id.*)  The Plan defines

the term *child* as a person related "by birth or by adoption and not through marriage." (*Id.*)

In keeping with the terms of the AT&T Retirement Savings Plan, the Plan recordkeeper first determined that Hardy had no surviving spouse or legally recognized partner. (Def.'s Stmt. Facts ¶ 12, ECF No. 39.) Recognizing that the next class of default beneficiaries would be any of Hardy's children, and having been told by Caudill that Jennifer Krokey was Hardy's daughter, the recordkeeper sent Krokey a beneficiary affidavit form. (*Id.* ¶ 13.) Krokey returned the sworn beneficiary affidavit, confirming that she was Hardy's only surviving child. (*Id.* ¶ 13; *see also* Miola Decl. ¶ 8 & Ex. B, ECF Nos. 38-2 & 38-3.)

This last point—whether Krokey was Hardy's surviving child—is the sole point of contention between the Plaintiffs, Pauline Lubin and Frances Koryn, and the Defendant. Lubin and Koryn's position is that since the default designation "indicates that an adopted daughter could be a default beneficiary . . . by implication, a natural-born offspring that has been adopted 'away' from a Plan Participant would <u>not</u> be considered as a proper beneficiary." (Resp. 3, ECF No. 43.) They argue that since Krokey's step-father adopted her, she should not be considered Hardy's surviving child. In order to resolve this dispute the Court must decide if AT&T Retirement Savings Plan's determination that Krokey was Hardy's surviving child was wrong.

AT&T Retirement Savings Plan has moved for summary judgment, arguing first that Lubin and Koryn failed to exhaust their administrative remedies, and alternatively, that the decision to pay the benefits to Krokey was correct. As explained in this Order, the Court concludes that Lubin and Koryn were not required to exhaust their administrative remedies before bringing this lawsuit, but that AT&T Retirement Savings Plan's decision was correct. The ultimate issue is presented first, followed by the procedural decisions.

### 2. AT&T Retirement Savings Plan was correct in deciding that Krokey was Hardy's surviving child.

ERISA[1] requires that an employee-benefit-plan administrator act in accordance with the documents governing the plan. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009). This obligation—to comply with the plan documents—includes "when it comes time to pay benefits." *Id.* at 300–01 ("ERISA's statutory scheme is built around reliance on the face of written plan documents.") (internal quotation marks omitted). "ERISA

---

[1] The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (2012).

forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: simple administration, avoiding double liability, and ensuring that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules." *Id.* at 301 (internal quotation marks omitted). In short, there is a bright-line rule when it comes to paying benefits under an ERISA plan: a plan administrator must identify the beneficiary specified by the plan documents and promptly pay that person. *See id.* at 302–03.

In this case, Lubin and Koryn offer no support for their position. The Plan documents required AT&T Retirement Savings Plan to pay the default beneficiary since Hardy had not previously designated a beneficiary. AT&T Retirement Savings Plan determined that Hardy did not have a surviving spouse or legally recognized partner, but did have a child related by birth— Jennifer Krokey. Lubin and Koryn contend that Krokey should not be considered a *child* as that term is defined by the Plan documents because she was adopted by her step-father. And since the Plan documents contemplate that an adopted child can be a default beneficiary, "by implication," Krokey, who has been "adopted away" from Hardy, should not be considered as a default beneficiary. (Resp. 3, ECF No. 43.)

Lubin and Koryn's reading of the Plan documents does not comport with the usual of rules of ERISA plan interpretation. When interpreting ERISA plans, courts turn to the law of trusts, which serves as a backdrop for ERISA. *See Kennedy*, 555 U.S. at 294. Within the law of trusts, one principle of contract interpretation is a doctrine known as *expressio unius est exclusio alterius* (the express mention of one thing excludes all others). *In re Celotex Corp.*, 487 F.3d 1320, 1334 (11th Cir. 2007). This doctrine instructs "that when certain matters are mentioned in a contract, other similar matters not mentioned were intended to be excluded. *Id.*; *accord Black's Law Dictionary* 701 (10th ed. 2014) (explaining that the doctrine holds "that to express or include one thing implies the exclusion of the other, or of the alternative").

Here, the Plan documents state that a *child* is a person "related by birth or by adoption and not through marriage." (Summ. Plan Description 9, ECF No. 22-1.) Lubin and Koryn ask the Court to read this passage as stating that a *child* is a person related by birth or by adoption and not through marriage, unless the person related by birth was later adopted away from the plan participant. (*See* Resp. 3, ECF No. 43.) But the Plan provides a complete list of who is, *and who is not* considered a child—it is not an illustrative list. Since the category of persons who are not children is limited to persons related through marriage, the Court may not read in an additional category of persons

who are not children (*i.e.*, persons who are related by birth but who are later adopted away).

### 3. Lubin and Koryn are excused from having to exhaust the administrative-appeals process.

AT&T Retirement Savings Plan argues that Lubin and Koryn's claims fail because they failed to exhaust their administrative remedies. According to AT&T, the Plan requires any person challenging a benefits decision to submit a written appeal to the Plan recordkeeper; and if this administrative appeal process is not timely complied with, the claimant may not initiate a lawsuit regarding the claim. (Mot. Summ. J. 8–9, ECF No. 38.) Lubin and Koryn respond that it would be inequitable to hold them to the administrative-appeal deadlines in the Plan because they were never given a copy of the Plan documents (containing the deadlines) until after they initiated suit—despite Caudill's request for "a copy of the AT&T Plan which contains the administrative procedures and plan rules." (Resp. 5–6, ECF No. 43; Letter from David A. Caudill, Personal Rep. Hardy Estate, to Scott Houle, Fidelity Workplace Servs. (Apr. 5, 2013), ECF No. 38-3 (Ex. E).) AT&T Retirement Savings Plan argues that when Caudill requested the Plan documents he was acting on behalf of the Hardy Estate, and not Lubin and Koryn. It also argues that Lubin and Koryn should still be held to the administrative deadlines because it was "no secret" that additional Plan documents existed. (Mot. Summ. J. 6–7, ECF No. 38.)

"[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court" *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). But there are several exceptions to this rule. *Id.* A plan administrator's failure to provide requested plan documents is one ground to excuse a plaintiff from the usual exhaustion-of-administrative-remedies requirement. *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990) ("When a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion.") *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001).

In this case, Caudill testified that he was representing Lubin and Koryn when he requested Plan documents from AT&T Retirement Savings Plan. (Caudill Decl. ¶ 6, ECF No. 43-1.) This testimony is uncontroverted. It is also undisputed that AT&T Retirement Savings Plan did not send Caudill a copy of the Plan documents containing the appeal deadlines until after Lubin and Koryn filed their initial lawsuit. (*Compare* Pl.'s Stmt. Facts ¶ 26, ECF No. 44

*with* Reply 2, ECF No. 46.) Given these facts, AT&T Retirement Savings Plan "denied meaningful access to the administrative review scheme" by never timely informing Lubin and Koryn of the exhaustion-of-administrative-remedies requirement and the corresponding deadlines. *See Curry*, 891 F.2d at 846-47. Lubin and Koryn are excused from the exhaustion-of-administrative-remedies requirement under these circumstances.

### 4. It would be inequitable and inefficient to remand this matter.

Lubin and Koryn request the matter be remanded for an administrative ruling, but remand is not appropriate in this case. There are several reasons for requiring a full administrative review of ERISA claims before proceeding to federal court, including: (1) to reduce the number of frivolous lawsuits, (2) to minimize the cost of dispute resolution, (3) to enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision-making process, and (4) to allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated. *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000).

Remanding this case would not serve any of these justifications. This is not a difficult ERISA case involving complicated pension details where a fiduciary's analysis would aid the Court in resolving the dispute. The parties have already extensively litigated this matter. Remanding it would only add to their expenses in resolving the ultimate issue. And even after the Plan administrator issued its ruling, the parties would likely find themselves back before this same court, presenting the same issue for resolution. In short, remanding this case would be a waste of everyone's time, money, and resources—completely inconsistent with Federal Rule of Civil Procedure 1. *See Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993) (explaining that remand was "unnecessary" because the facts of the case clearly revealed the correct result) (*cited in Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997)).

### 5. Conclusion

There is no genuine issue over any material facts in this case. Applying a de novo standard of review to AT&T Retirement Savings Plan's decision to pay the Plan benefits to Hardy's surviving daughter, Jennifer Krokey, the Court cannot disagree with that decision. Since the Court cannot say that AT&T Retirement Savings Plan's decision was wrong, the Court must affirm that decision and grant AT&T's summary-judgment motion. *See Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195–96 (11th Cir. 2010).

After considering the motion for summary judgment, the record, and the relevant legal authorities, the Court **grants** the motion (ECF No. 38) for the reasons explained in this Order.

**Done and ordered** in chambers at Miami, Florida on July 17, 2015.

_____
Robert N. Scola, Jr.
United States District Judge